

**FILED**
**Aug 13, 2018**
**08:45 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Rosalind Williamson | ) | Docket No.  2017-08-0203 |
| | ) | |
| v. | ) | State File No. 78680-2016 |
| | ) | |
| Professional Care Services, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

---

### Affirmed and Certified as Final – Filed August 13, 2018

---

The employee alleges that she fell while walking up a ramp to her employer's building and suffered injuries to her shoulder and hand.  Following an expedited hearing, the trial court denied benefits, and the employee's appeal of that denial was dismissed as untimely.  The employer subsequently filed a motion for summary judgment, which the trial court granted and the case was dismissed.  The employee has appealed.  We affirm the trial court's decision and certify its order as final.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Rosalind Williamson, Somerville, Tennessee, employee-appellant, pro se

Nicholas J. Peterson and T. Ryan Malone, Knoxville, Tennessee, for the employer-appellee, Professional Care Services

### Memorandum Opinion[1]

Rosalind Williamson ("Employee") alleges that on September 30, 2016, while working for Professional Care Services ("Employer"), she slipped on a ramp outside Employer's building and fell.  She claims that she suffered injuries to her left shoulder and hand in the fall.

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex."  Appeals Bd. Prac. & Proc. § 1.3.

Employer provided a panel of physicians from which Employee selected Dr. Bret Sokoloff. Dr. Sokoloff ordered an MRI of Employee's shoulder and, after reviewing the results, concluded that her shoulder condition was "likely chronic" and that her hand complaints were "nonspecific." Employer denied further treatment, and Employee obtained additional medical care on her own, including surgery on her shoulder performed by Dr. Sokoloff outside the context of her workers' compensation claim.

Employee filed a petition seeking medical and temporary disability benefits. Following an expedited hearing, the trial court ruled there was insufficient medical proof to find that Employee would likely prevail at trial in establishing her medical complaints arose primarily out of her employment. Employee filed an untimely appeal of the trial court's expedited hearing order, which we dismissed.

Employer subsequently filed a motion for summary judgment, arguing that Employee had no medical proof of causation. Employer maintained that Dr. Sokoloff provided the only expert medical opinion, and he concluded merely that her shoulder condition was chronic and her hand condition was nonspecific.

The trial court granted Employer's motion and dismissed the case. In doing so, the court noted that Employee provided no causation opinion to support her claim and that she failed to respond to the motion for summary judgment consistent with the requirements set out in Rule 56 of the Tennessee Rules of Civil Procedure. Employee has again appealed.[2]

I.

The granting or denial of a motion for summary judgment is an issue of law and, therefore, our standard of review is *de novo* with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *McBee v. CSX Transp., Inc.*, No. W2015-01253-COA-R3-CV, 2017 Tenn. App. LEXIS 129, *14 (Tenn. Ct. App. Feb. 24, 2017). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. In addition, we "must view the evidence in the light most favorable to the non-moving party and must also draw all reasonable inferences in favor of the non-moving party." *Dugger v. Home Health Care of Middle Tenn.*, No. M2016-01284-SC-R3-WC, 2017 Tenn. LEXIS 206, at *8 (Tenn. Workers' Comp. Panel Jan. 31, 2017).

---

[2] Employer also appealed, asserting that the regulation relied upon by the trial court to assess the filing fee against it, Tenn. Comp. R. & Regs. 0800-02-21-.07 (2016), was unconstitutional because it requires employers to pay the fee even if the employer is the prevailing party. However, in its brief filed on appeal, Employer indicated it did not wish to pursue the issue. Accordingly, it is unnecessary for us to address the constitutionality of the regulation.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When a party who does not bear the burden of proof at trial files a motion for summary judgment, it must do one of two things to prevail: (1) submit affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrate that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Tenn. Code Ann. § 20-16-101 (2017); *see also Rye*, 477 S.W.3d at 264. If the moving party is successful in meeting this burden, the nonmoving party "may not rest upon the mere allegations or denials of its pleading." *Rye*, 477 S.W.3d at 265. Rather, the nonmoving party must respond by producing affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial. Tenn. R. Civ. P. 56.06; *see also Rye*, 477 S.W.3d at 265. If the nonmoving party fails to respond in this manner, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." Tenn. R. Civ. P. 56.06.

In addition to these requirements, Rule 56.03 provides specific filing requirements for both the moving party and the nonmoving party. The moving party must file a statement of undisputed material facts with its motion, ensuring that each fact is accompanied by a citation to the record. Tenn. R. Civ. P. 56.03. Likewise, the nonmoving party is instructed to respond to this statement of undisputed facts, either indicating it agrees the fact is undisputed or demonstrating that the fact is disputed by providing a citation to the record. *Id.* "The requirements of Rule 56 are not mere suggestions. The use of the words 'must' and 'shall' in Rule 56.03 to describe the necessary elements of a motion for summary judgment and any response thereto are plain and unambiguous." *Thomas v. Zipp Express*, No. 2015-06-0546, 2017 TN Wrk. Comp. App. Bd. LEXIS 22, at *11 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 15, 2017).

As noted above, the trial court granted Employer's motion for summary judgment because Employee provided no causation opinion to support her claim. She also failed to respond to the motion consistent with the requirements of Rule 56. On appeal, Employee has not filed a brief as required by Tenn. Comp. R. & Regs. 0800-02-22-.03(3) (2018) and has not otherwise offered any argument as to how the trial court erred in granting Employer's motion.

Employee does contend that counsel for Employer violated her privacy by obtaining her medical records, that efforts to obtain her medical records were used to "intimidate" her, that defense counsel "removed" medical records that would have benefited her claim, that "none of [her] proof was considered," and that "[t]his appeal includes things that were not considered in the decision" of the trial court. Unfortunately, however, Employee does not address the legal basis for the trial court's decision granting summary judgment, which is the issue dispositive of this appeal. We decline to speculate

3

about what arguments Employee might make, and it is not our role "to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010).

We also note it is well-established that we will not consider documents or information on appeal that was not presented to and considered by the trial court. *See Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). Thus, we have not considered the materials submitted by Employee with her notice of appeal that are not properly part of the record. We have likewise disregarded documents attached to Employer's brief that are not part of the record.

## II.

Employer has asked that this appeal be deemed frivolous and that it be awarded attorney's fees.

A frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). Stated another way, "[a] frivolous appeal is one that . . . had no reasonable chance of succeeding." *Adkins v. Studsvik, Inc.*, No. E2014-00444-SC-R3-WC, 2015 Tenn. LEXIS 588, at *30 (Tenn. Workers' Comp. Panel July 21, 2015). Although we conclude that this appeal had no realistic chance of success and is frivolous, we exercise our discretion not to assess attorneys' fees or costs against Employee. *See* Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2018).

We affirm the trial court's grant of Employer's motion for summary judgment and certify the court's order as final.



**FILED**
**Aug 13, 2018**
**08:45 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Rosalind Williamson | ) | Docket No.  2017-08-0203 |
| | ) | |
| v. | ) | State File No.  78680-2016 |
| | ) | |
| Professional Care Services, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 13th day of August, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| **Rosalind Williamson** | | | | | X | Forgive12001@yahoo.com |
| **Nicholas Peterson** | | | | | X | nicholas.peterson@petersonwhite.com |
| **Ryan Malone** | | | | | X | ryan@petersonwhite.com |
| **Deana C. Seymour, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov